AMANDA BONN (State Bar No. 270891)
abonn@susmangodfrey.com
ELIZA FINLEY (State Bar No. 301318)
efinley@susmangodfrey.com
LEA HADDAD (State Bar No. 362871)
lhaddad@susmangodfrey.com
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100 | Fax: (310) 789-3150

ROCCO MAGNI (*Pro Hac Vice forthcoming*)
rmagni@susmangodfrey.com
DAVID PETERSON (*Pro Hac Vice forthcoming*)
dpeterson@susmangodfrey.com
SUSMAN GODFREY LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
Tel.: (713) 651-9366 | Fax: (713) 654-6666

Attorneys for Defendant
KAREN GLUCK

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EXCEL PROPERTY MANAGEMENT SERVICES, INC., a California Corporation; ARMAN GABAEE, an individual; MARK GABAY, an individual; CHARLES COMPANY, a General Partnership; OAKSHIRE, LLC, a Delaware limited liability company; WILHURST, INC., a Delaware Corporation; TOWN INVESTMENTS, LLC, a California limited liability company; SANCAM INC., a California Corporation; M&A GABAEE, LP, a California limited partnership; GREENOAK INVESTMENTS, LLC, a California limited liability company; MAPLE 19, LP, a California limited partnership; | **CASE NO.** <br><br> **DEFENDANT *QUI TAM* RELATOR KAREN GLUCK'S REDACTED NOTICE OF REMOVAL** <br><br> Removal from Superior Court of California, Los Angeles Case No. 26SMCV03477 <br><br> Complaint Served: July 14, 2026 <br> Removal Date: August 6, 2026 <br><br> **JURY TRIAL DEMANDED** <br><br> **REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL** |

URBAN GROVE 19, LLC, a Delaware limited liability company; and OPPIDAN, LLC, a California limited liability company

        Plaintiffs,

        v.

KAREN GLUCK, an individual; and DOES 1 through 10, inclusive

        Defendants.

**Table of Contents**

I.   INTRODUCTION ................................................................................................. 1

II.  RELATED CASE ................................................................................................ 3

III. BACKGROUND ................................................................................................. 4

IV.  REMOVAL GROUNDS ..................................................................................... 8

     A.   Federal Question Jurisdiction Under 28 U.S.C. § 1331 ................................. 8

     B.   Federal Officer Removal Under 28 U.S.C. § 1442 ..................................... 14

     C.   Supplemental Jurisdiction Under 28 U.S.C. § 1367 .................................. 17

V.  PROCEDURAL REQUIREMENTS FOR REMOVAL ........................... 18

VI.  JURY DEMAND ............................................................................................ 19

**DEFENDANT *QUI TAM* RELATOR KAREN GLUCK'S REDACTED NOTICE OF REMOVAL**

### NOTICE OF REMOVAL

Defendant Karen Gluck ("Relator" or "Defendant"), with a full reservation of rights, defenses, and objections, hereby removes to this Court—pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1442, and 1446—the civil action bearing Case No. 26SMCV03477 in the Superior Court of the State of California for the County of Los Angeles. *See* Exhibit 1 (State Court Complaint).

### I.    INTRODUCTION

This case belongs in federal court because (1) resolving Plaintiffs' claims requires answering substantial, disputed questions of federal law that are more properly decided by a federal court than a state court, and (2) each of those claims is aimed squarely at conduct Relator undertook for, and on behalf of, the United States in the *Qui Tam* Action.

Plaintiffs Excel Property Management Services, Inc., Arman Gabaee, Mark Gabay, Charles Company, Oakshire, LLC, Wilhurst, Inc., Town Investments, LLC, Sancam Inc., M&A Gabaee, LP, Greenoak Investments, LLC, Maple 19, LP, Urban Grove 19, LLC, and Oppidan, LLC (collectively, the "Gabays," the "Gabay Defendants," or "Plaintiffs") were defendants in a federal *qui tam* action, *County of Los Angeles, et al. v. Thomas Shepos, et al.*, No. 2:19-cv-01773-PA-MAA (C.D. Cal.) (the "*Qui Tam* Action"), that they purported to settle through a Confidential Settlement Term Sheet (the "Term Sheet") negotiated with *qui tam* Relator Karen Gluck on behalf of the United States (the "Government"). However, that Term Sheet

██████████████████████████████████████████████████████████

████████████████████████████████. When the parties ultimately did not execute ██

████████████████████, the Court entered a judgment ████████████████████

████████████████ without specifying: (1) whether it had found the terms of the settlement to be fair, reasonable, and adequate as required by the False Claims Act ("FCA"); and (2) the modified terms of the settlement upon which it had premised its dismissal of Relator's and the Government's claims. Despite the pendency of Relator's Rule 59 and 60 motions seeking clarity as to the issues described above, the Gabays have asked a *state court* to inject itself into this dispute and resolve open federal questions by declaring the Term Sheet "binding and enforceable" and enforcing its terms.

Removal is proper under 28 U.S.C. § 1331 because, on the face of their Complaint, Plaintiffs' claims necessarily turn on resolution of a substantial, disputed federal question that a state court should not decide: principally, what the statutory settlement-approval requirements of the FCA required before a *qui tam* settlement could become enforceable, irrespective of any written agreement by Relator and the Gabay Defendants. And although the Complaint artfully omits critical facts under the guise of confidentiality, it also necessarily raises a substantial federal question as to

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

2

**DEFENDANT *QUI TAM* RELATOR KAREN GLUCK'S REDACTED NOTICE OF REMOVAL**

Removal is also independently proper under 28 U.S.C. § 1442(a)(1). By Plaintiffs' own account, Relator was acting as "a representative of the United States" when she negotiated and executed the Term Sheet. *See* Exhibit 1 (State Court Complaint) at ¶ 10. Plaintiffs' claims attack exactly that conduct—her negotiation, presentation, and attempted enforcement of a settlement of federal FCA claims brought in the name of the United States and for the benefit of the United States. And Relator has colorable federal defenses to each of them. Section 1442(a)(1) exists for precisely this situation: it protects individuals who act under federal authority from being forced to answer for that conduct in state court, particularly where, as here, federal proceedings remain pending on the very same issues and the Government's recovery is very much at issue.

## II.    RELATED CASE

1.    This matter is directly related to *County of Los Angeles, et al. v. Thomas Shepos, et al.*, No. 2:19-cv-01773-PA-MAA (C.D. Cal.), which is currently pending before the Honorable Percy Anderson. The Term Sheet at issue in this action was entered to settle the claims in that action, and Relator has a pending Motion to Amend, Alter, or Vacate Judgment Pursuant to Federal Rules of Civil Procedure 59(e), 60(b), and the Court's Inherent Powers in that action.

2.    Ultimately, each of these issues should have been resolved by this Court in the *Qui Tam* Action when the Court completed its statutory duty to approve or disapprove the parties' settlement—and, given Relator's pending post-judgment motion, each

may very well be resolved in the *Qui Tam* Action before the Gabay Defendants' action is even considered on the merits. As such, assignment to Judge Anderson is appropriate to avoid inconsistent rulings and promote judicial efficiency.

### III.   BACKGROUND

3.   Relator filed the *Qui Tam* Action under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, on March 11, 2019, on behalf of the United States against, among others, the Gabay Defendants. Complaint, *County of Los Angeles, et al. v. Thomas Shepos, et al.*, No. 2:19-cv-01773-PA-MAA (C.D. Cal.) Dkt. No. 1. The action proceeded in this Court for more than seven years—through a stay for Defendant Arman Gabaee's criminal case, Arman Gabaee's eventual guilty plea to a federal felony, extensive discovery, dispositive motions, and pretrial proceedings.

4.   The Court set the *Qui Tam* Action for jury trial beginning April 28, 2026. *Id.* at Dkt. No. 889.

5.   On the eve of trial, late on April 27, 2026, Relator and the Gabay Defendants executed the Term Sheet and told the Court they had reached a settlement in principle.

6.   The next morning, on April 28, 2026, the parties appeared before this Court and confirmed the settlement. The Court then dismissed the federal FCA claims against the Gabay Defendants without prejudice *sua sponte*, retaining jurisdiction solely to enforce the settlement. *Id.* at Dkt. No. 956.

DEFENDANT *QUI TAM* RELATOR KAREN GLUCK'S REDACTED NOTICE OF REMOVAL

DEFENDANT *QUI TAM* RELATOR KAREN GLUCK'S REDACTED NOTICE OF REMOVAL

9.    On May 20, 2026, the parties stipulated to extend the Court's retained jurisdiction and final approval hearing to May 28, 2026. *Id.* at Dkt. No. 966. The Court granted the extension but set the final approval hearing for May 29, 2026—one day after its retained jurisdiction was supposedly set to expire. *Id.* at Dkt. No. 967.

10.    At the May 29, 2026 final approval hearing, the Court ordered Relator to submit a proposed judgment that included all material terms "consistent with the parties' term sheet" and that dismissed Relator's claims against the Gabay Defendants with prejudice and the Government's claims without prejudice. *Id.* at Dkt. No. 971.

11.    Relator timely filed the proposed judgment and a corresponding motion to enforce the Term Sheet on June 1, 2026. *Id.* at Dkt. No. 973. The Gabay Defendants filed objections on June 4, 2026. *Id.* at Dkt. No. 976.

12.    On June 12, 2026, this Court entered an order and judgment dismissing the federal FCA claims against the Gabay Defendants—including the Government's—with prejudice, without ruling on Relator's motion to enforce or the Gabay Defendants' objection. *Id.* at Dkt. Nos. 986–87. The Court also declined supplemental jurisdiction over the County of Los Angeles's state-law claims and dismissed those claims without prejudice. *Id.* at Dkt. No. 987.

13.    On July 6, 2026, the Government objected to the Court's dismissal of its claims with prejudice. The Government explained that it had consented only to dismissal without prejudice and that the Gabay Defendants could obtain a release from the

DEFENDANT *QUI TAM* RELATOR KAREN GLUCK'S REDACTED NOTICE OF REMOVAL

United States with prejudice only by agreeing to the Government's required FCA settlement terms, which the Gabays continued to refuse. *Id.* at Dkt. No. 998.

14.    The next day, on July 7, 2026, the Court issued an amended judgment dismissing the United States' claims against the Gabay Defendants without prejudice. *Id.* at Dkt. No. 999.

15.    On July 10, 2026, Relator moved under Federal Rules of Civil Procedure 59(e) and 60(b) to amend, alter, or vacate the Court's judgment in the *Qui Tam* Action. *Id.* at Dkt. No. 1001. Relator asked the Court to confirm that the settlement is fair, reasonable, and adequate under the FCA and to amend the judgment to require the Gabay Defendants ███████████████████████████ as required by the Term Sheet despite the Gabays' refusal to execute a long-form agreement with the federal government (which would have released the federal government's claims against the Gabays and provided for a dismissal of the federal government's claims with prejudice). *Id.* In the alternative, Relator asked the Court to vacate the judgment under Rule 60(b) and restore the action to its active calendar. *Id.*

16.    Meanwhile, on or about June 25, 2026, the Gabay Defendants filed this action in the Superior Court of the State of California for the County of Los Angeles. *See* Exhibit 1 (State Court Complaint). In doing so, the Gabay Defendants conveniently left out key facts, such as the terms of the Term Sheet and the pending proceedings in federal court, under the guise of confidentiality.

DEFENDANT *QUI TAM* RELATOR KAREN GLUCK'S REDACTED NOTICE OF REMOVAL

17. Instead, their complaint baldly asserts three causes of action against Relator: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) declaratory relief. *Id.* at ¶¶ 32–44. But all three arise from, and turn on, the same Term Sheet, the same disputed language, and the same federal questions now pending before this Court.

18. Relator was served with the Complaint on July 14, 2026.

### IV.   REMOVAL GROUNDS

**A.   Federal Question Jurisdiction Under 28 U.S.C. § 1331**

19. Removal is proper under 28 U.S.C. § 1441 whenever a state-court action is one the district courts could have heard originally. 28 U.S.C. § 1441(a). Under *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), and *Gunn v. Minton*, 568 U.S. 251 (2013), a state-law claim arises under federal law when: (1) resolving a federal issue is necessary to resolving the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) exercising federal jurisdiction will not disturb the balance of federal and state judicial responsibilities. *Gunn*, 568 U.S. at 258; *Grable*, 545 U.S. at 314. This case satisfies all four elements.

20. A federal court has original jurisdiction over a state-law claim when "a well-pleaded complaint establishes that … the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Villanueva v. Eaton Corp.*, 2019 WL 5448200, at *1 (C.D. Cal. Oct. 23, 2019) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 26 (1983)). Although

Plaintiffs have pleaded state-law causes of action, their own theories of breach, nonperformance, failure of conditions, and declaratory relief necessarily turn on questions of federal law—namely, the enforceability of an FCA settlement when a federal court did not explicitly approve that settlement as fair, reasonable, and adequate and entered a judgment that was inconsistent with the parties' term sheet.

21.     **The FCA's settlement-approval requirement.** The FCA supplies the federal framework governing the settlement Plaintiffs seek to enforce. 31 U.S.C. § 3729 *et seq*. Before a court may dismiss a *qui tam* action based on a settlement, the FCA requires that the relator and the Government have an opportunity to be heard, and that the court find the settlement fair, reasonable, and adequate under all the circumstances. *United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 722, 725 (9th Cir. 1994); *United States v. Texas Instruments Corp.*, 25 F.3d 725, 728 (9th Cir. 1994) (vacating dismissal and remanding where there was "good cause to obtain a hearing on [the government's] objections to the settlement" and the district court was required to either "approve the settlement and dismiss the action or reject the settlement and permit the parties to proceed with this *qui tam* action"). An FCA settlement therefore is not enforceable and cannot form the basis of an FCA claim dismissal until a federal court makes that finding. *United States v. Behav. Healthcare Corp.*, 2001 WL 37160908, at *2 (S.D. Cal. July 27, 2001) (finding that a qui tam settlement "cannot be effectuated" until the Court determines it is "fair, adequate, and reasonable"); *United States, ex rel. Parikh v. Premera Blue Cross*, 2007 WL 1461165,

9

at *2 (W.D. Wash. May 16, 2007) (holding that a court may not "dismiss a qui tam case without reviewing the reasonableness of the settlement terms [even] where all parties and the Government agree to the dismissal"); *MacKillop v. Grand Canyon Educ. Inc.*, 2025 WL 2996805, at *2 (D. Ariz. Oct. 24, 2025) (collecting cases).

22.     That requirement is squarely at issue here, and it is the Gabay Defendants' burden to satisfy. Unlike in a typical settlement dispute, whether an FCA settlement agreement is binding and enforceable is a question reserved to federal courts because the FCA is one of the rare federal statutes that require judicial approval of settlement agreements. Yet, the Gabay Defendants ask *the state court* to declare that "the Term Sheet is binding and enforceable." *See* Exhibit 1 (State Court Complaint) at ¶ 44. The Gabays' breach of contract and breach of the implied covenant of good faith and fair dealing claims are also premised on the existence of an enforceable agreement. *Id.* at ¶ 33, ¶ 38. A state court cannot grant the Gabays the relief they seek because the enforceability of the Term Sheet is a determination that a federal court was statutorily required to make in the first instance, and resolving that question in this context, where the Court's approval of the settlement is unclear, necessarily implicates the interpretation and application of the FCA.

23.     **The scope of the Government's release.** The Gabay Defendants also claim that Relator "breached her obligations in paragraphs" 6 and 11 of the Term Sheet. *See id.* at ¶ 35. But the Gabays artfully omitted—on claimed grounds of confidentiality— what those obligations were. The Gabay Defendants cannot avoid the existence of a

DEFENDANT *QUI TAM* RELATOR KAREN GLUCK'S REDACTED NOTICE OF REMOVAL

federal question by leaving out critical facts in their complaint. *See Diaz v. Sun-Maid Growers of California*, 2019 WL 3530398, at \*3 (E.D. Cal. Aug. 2, 2019) (explaining that a plaintiff may not "avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of the claim" or "attempt to cloak a federal claim in state-law garb in order to evade appropriate review" (internal quotation marks and citations omitted)).

24.     In reality,

25.

26.

**DEFENDANT *QUI TAM* RELATOR KAREN GLUCK'S REDACTED NOTICE OF REMOVAL**

27.     There are therefore two federal questions that must be answered before the Gabay Defendants can assert their claims against Relator. First, what did the FCA's statutory settlement-approval requirements require before this *qui tam* settlement could become enforceable? And second, ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████████? These questions are not incidental to Plaintiffs' claims; they are essential to all three causes of action.

28.     Each of these federal questions is also genuinely disputed. Plaintiffs contend that Relator breached the Term Sheet by failing to deliver the release and Long Form Agreement they say she promised. *See* Exhibit 1 (State Court Complaint) at ¶¶ 23–24, 26, 35. Relator disputes that premise. The amended judgment following the Government's objection, together with Relator's pending Rule 59(e) and 60(b) motion, put the meaning of the FCA's settlement-approval requirements and this Court's June 12 and July 7 judgments squarely at issue. The parties also dispute whether ███████████████████████ ███████████████████████ These are live disputes over federal questions that go to the heart of every cause of action in Plaintiffs' Complaint.

29.     The federal issues are also substantial, not incidental. The Term Sheet attempted to settle federal FCA claims brought in the name of the United States and for the benefit of the United States. ███████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████; the disputed dismissal concerns whether the Government's claims were dismissed without the judicial approval the FCA requires; and the question of whether an FCA settlement is "binding and enforceable" must be answered in the first instance by the federal court as part of the settlement-approval process, per the FCA's statutory requirements. These issues implicate the Government's control over its own claims, the Attorney General's statutory consent authority, and the integrity of federal *qui tam* settlement procedures.

30.     The federal interest is stronger still because the settlement was made on the Government's behalf, and its enforceability directly affects the Government's recovery of ████████. And that recovery is contingent on the very release, dismissal, and approval requirements this Court must resolve under federal law. A state court could not decide Plaintiffs' claims—and thereby decide whether and on what terms the settlement is enforceable—without deciding those federal questions.

31.     Exercising federal jurisdiction here will not disturb the balance between state and federal courts. This is not an ordinary contract dispute: it is a dispute over the federal court's statutory approval and implementation of a settlement of federal FCA claims brought in the name of the United States, entangled with the Government's

13

own objection and this Court's pending Rule 59(e) and 60(b) proceedings. Federal court is the natural forum for that dispute, and there is no intrusion into state authority.

32.     In short, Plaintiffs cannot obtain the relief they seek without this Court deciding what the FCA required, whether the Term Sheet is enforceable in light of those requirements, and what Relator's promised release covered. This Court therefore has federal-question jurisdiction under 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. §§ 1441 and 1446.

### B.     Federal Officer Removal Under 28 U.S.C. § 1442

33.     This action is independently removable under 28 U.S.C. § 1442(a)(1), which authorizes removal of any state-court suit against, or directed at, a person acting under a federal officer for or relating to an act taken under color of that federal office. 28 U.S.C. § 1442(a)(1).

34.     Federal officer removal is an exception to the ordinary well-pleaded complaint rule: it permits removal even where a plaintiff pleads only state-law claims, so long as the statutory requirements are met and the removing defendant raises a colorable federal defense. *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999), *superseded by statute*, 28 U.S.C. § 1442, *on other grounds as recognized in Chevron USA Inc. v. Plaquemines Parish, Louisiana*, 146 S. Ct. 1052, 1060 n.3 (2026). Federal officer removal must be "liberally construed" in favor of removal because it protects federal operations from interference by state-court litigation directed at persons acting under

federal authority. *County of San Mateo v. Chevron Corp.*, 32 F.4th 733, 755 (9th Cir. 2022).

35.    To invoke § 1442(a)(1), Relator must establish three elements: (1) she is a person "acting under" a federal officer; (2) the suit is "for or relating to any act under color of such office"; and (3) she has "a colorable federal defense." *Plaquemines Parish*, 146 S. Ct. at 1057. Relator satisfies all three elements of this test.

36.    **The "acting under" requirement.** This element is broad. *Goncalves v. Rady Children's Hospital San Diego*, 865 F.3d 1237, 1245 (9th Cir. 2017). It is satisfied whenever a private party's conduct involves an effort to assist, help carry out, or perform a federal task under federal direction or supervision. *Id.* The defendant need not be a formal federal employee—the statute reaches private persons whose challenged conduct is sufficiently connected to federal authority. *Id.*

37.    Relator is a "person" "acting under" a federal officer. She is an individual, and therefore a "person" under § 1442(a)(1). And she was "acting under" the DOJ: the claims against her arise from conduct she undertook as Relator in the *Qui Tam* Action—an action brought for the United States, in the name of the United States, to remedy alleged injuries to the United States. Plaintiffs now challenge her conduct in negotiating, presenting, implementing, and seeking to enforce a settlement of the Government's FCA claims, but Relator performed each of these functions on the Government's behalf and subject to its control. The FCA's comprehensive oversight mechanisms—including the DOJ's right to intervene, dismiss, or settle the action, and

15

its right to withhold approval of any settlement—gave the DOJ precisely the control over Relator's actions and the settlement that this element contemplates.

38.    **The "relating to" requirement.** This element also "sweeps broadly." *Chevron*, 146 S. Ct. at 1060. "Relating to" requires only a connection or association between the plaintiff's claims and the acts taken under color of federal office; it does not require a strict causal showing. *Id.* at 1060–61.

39.    This suit is "for or relating to" Relator's acts taken on behalf of the DOJ. Plaintiffs' own pleading confirms the connection: they expressly concede that Relator was acting as "a representative of the United States" when she entered into the Term Sheet. *See* Exhibit 1 (State Court Complaint) at ¶ 10. And their central grievance—that ███████████████████████████████████████—turns on DOJ approval and a relator's role in a federal *qui tam* action. Moreover, the settlement Relator reached with the Gabay Defendants was undeniably made for the Government's benefit, as the Government was set ███████████████████. Plaintiffs' claims are therefore, at minimum, related to Relator's acts in prosecuting and settling claims on behalf of the United States—easily clearing the broad standard described above.

40.    **The colorable-federal-defense requirement.** This element is not a merits test: a removing defendant need not prove the defense will prevail. *See Willingham v. Morgan*, 395 U.S. 402, 407 (1969) (a colorable defense need not be clearly sustainable, because § 1442 exists to let a federal court try the defense's validity).

41.     Relator has colorable federal defenses to Plaintiffs' claims. First, federal law protects Relator's conduct in performing a function delegated to her by federal statute in the name of the United States. *See Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18, 20–21 (1940) (a private party is not liable for carrying out authority validly conferred by the federal government). Second, to the extent the Court construes issues like resolution of the FCA's settlement-approval requirements and whether agency debarment and suspension rights are "claims" under federal law as defenses rather than elements of Plaintiffs' claims, each one raises a colorable federal defense sufficient to support removal under § 1442(a)(1) because they each implicate questions of federal law. *See supra* ¶¶ 20–26.

42.     Removal is therefore proper under 28 U.S.C. § 1442(a)(1), independent of any federal-question jurisdiction.

**C.     Supplemental Jurisdiction Under 28 U.S.C. § 1367**

43.     Should the Court conclude that any of Plaintiffs' claims do not arise under federal law, it should exercise supplemental jurisdiction over those claims under 28 U.S.C. § 1367(a). Section 1367 confers "a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005).

44.     Each of Plaintiffs' state-law claims is "so related" to the federal questions discussed above that it forms part of the same case and controversy. All of Plaintiffs'

causes of action arise from the same Term Sheet that settled the federal FCA claims, involve the same parties who negotiated and executed that Term Sheet, and depend on the same underlying facts already at issue in the *Qui Tam* Action.

## V.   PROCEDURAL REQUIREMENTS FOR REMOVAL

45.   Removal is timely under 28 U.S.C. § 1446(b). Relator was served with the Complaint on July 14, 2026, and this Notice of Removal is filed within thirty (30) days of service.

46.   Venue is proper in this district because the United States District Court for the Central District of California is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The state-court action was filed in the Superior Court of California for the County of Los Angeles, which is located within this district.

47.   Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Relator in the state-court action are attached hereto as Exhibits 1–10.

48.   Relator will provide a copy of this Notice of Removal to Plaintiffs' counsel and will file a copy with the Superior Court of the State of California for the County of Los Angeles, as required by 28 U.S.C. § 1446(d).

49.   Relator reserves all defenses and does not waive any right or defense, including any rights or defenses under Federal Rules of Civil Procedure 8(c) or 12.

**DEFENDANT *QUI TAM* RELATOR KAREN GLUCK'S REDACTED NOTICE OF REMOVAL**

## VI.   JURY DEMAND

50.   Relator hereby demands a trial by jury on all issues so triable.


Dated: August 6, 2026

SUSMAN GODFREY L.L.P.

By:  */s/ Eliza Finley*
_____

Amanda Bonn (Bar No. 270891)
*abonn@susmangodfrey.com*
Eliza Finley (Bar No. 301318)
*efinley@susmangodfrey.com*
Lea Haddad (Bar No. 362871)
*lhaddad@susmangodfrey.com*
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: +1.310.789.3100
Facsimile: +1.310.789.3150

Rocco Magni (pro hac vice forthcoming)
*rmagni@susmangodfrey.com*
David Peterson (pro hac vice forthcoming)
*dpeterson@susmangodfrey.com*
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: +1.713.651.9366
Facsimile: +1.713.654.6666

19

**DEFENDANT *QUI TAM* RELATOR KAREN GLUCK'S REDACTED NOTICE OF REMOVAL**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2026, I served the unredacted Notice of Removal and Exhibits via email and personal service on the following:

THE LEICHTER FIRM, APC
Kevin J. Leichter, Esq. (SBN 154143)
Andrew E. Hewitt, Esq. (SBN 314504)
10203 Santa Monica Boulevard, Fourth Floor Superior Court of California,
Los Angeles, California 90067 County of Los Angeles
tel: 310.229.0000
Email: kleichter@theleichterfirm.com
Email: ahewitt@theleichterfirm.com

Attorneys for Plaintiffs Mark Gabay, Charles Company,
Excel Property Management Services, Inc., Oakshire, LLC,
Wilhurst, Inc., Town Investments, LLC, Sancam Inc.,
M&A Gabaee, LP, Greenoak Investments, LLC, Maple 19, LP,
Urban Grove 19, LLC, And Oppidan, LLC

WEXFORD LAW
MICHAEL S. DEVEREUX
9440 Santa Monica Blvd, Suite 301
Beverly Hills, CA 90210
Tel.: (424) 444-0883
mike@wex.law
GILCHREST LAW GROUP
Robert M. Gilchrest (SBN 134254)
200 East Carrillo Street, Suite 100
Santa Barbara, California 93101
Telephone: (805) 585-0616
robert@gilchrestlaw.com

Attorneys for Plaintiff Arman Gabae

Lea Haddad                                    /s/*Lea Haddad*
(Type or Print Name)                          (Signature)

20

**Index of Exhibits**

| Ex. No. | Description |
|---------|-------------|
| 1 | Complaint |
| 2 | Summons |
| 3 | Civil Case Cover Sheet |
| 4 | Alternative Dispute Resolution Packet |
| 5 | Civil Case Cover Sheet Addendum and Statement of Location |
| 6 | Notice of Case Assignment–Unlimited Case |
| 7 | Notice of Confirmation of Electronic Filing |
| 8 | Clerk's Certificate of Service by Electronic Service |
| 9 | Order to Show Cause Hearing |
| 10 | Notice of Case Management Conference |
| 11 | Confidential Settlement Term Sheet |

DEFENDANT *QUI TAM* RELATOR KAREN GLUCK'S REDACTED NOTICE OF REMOVAL